[Cite as *State v. Rimmer*, 2019-Ohio-1936.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### WYANDOT COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  16-18-08

      v.

WILLIAM S. RIMMER,               O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  16-18-09

      v.

WILLIAM S. RIMMER,               O P I N I O N

      DEFENDANT-APPELLANT.

Appeals from Wyandot County Common Pleas Court
Trial Court Nos. 18-CR-0049 and 18-CR-0084

**Judgments Affirmed**

**Date of Decision:   May 20, 2019**

APPEARANCES:

      *Todd A. Workman* **for Appellant**

      *Douglas D. Rowland* **for Appellee**

**SHAW. J.**

{¶1} Defendant-appellant, William S. Rimmer ("Rimmer"), appeals the October 5, 2018 judgments of the Wyandot County Court of Common Pleas, journalizing his convictions, after entering a guilty plea, for Illegal Cultivation of Marihuana within the vicinity of a juvenile and for Medicaid Fraud. As a result of his convictions, the trial court imposed an aggregate sentence of four years in prison. On appeal, Rimmer argues that his sentence is not supported by the record.

*Procedural History*

{¶2} On May 9, 2018, in case number 18-CR-0049, the Wyandot County Grand Jury returned a one count indictment against Rimmer charging him with Illegal Cultivation of Marihuana, in excess of 5,000 grams but less than 20,000 grams, and specified that the offense occurred within the vicinity of a juvenile, in violation of R.C. 2925.04(A), a felony of the second degree. The charge stemmed from law enforcement's execution of search warrants at two properties associated with Rimmer, where extensive marijuana grow operations were found. At arraignment, Rimmer entered a plea of not guilty.

{¶3} On July 27, 2018, in case number 18-CR-0084, the Wyandot County Grand Jury returned a one count indictment against Rimmer charging him with Medicaid Fraud, in violation of R.C. 2913.40(B), a felony of the fifth degree. The charge arose out of the investigation of Rimmer's marijuana grow operations. It was

discovered that Rimmer had made false statements about his family's financial situation to the Wyandot County Department of Job and Family services, which resulted in his family fraudulently receiving $144,624.20 in Medicaid benefits.

{¶4} On July 31, 2018, Rimmer appeared in court and entered a plea of guilty to the Medicaid Fraud charge in case number 18-CR-0084, and withdrew his previously tendered not guilty plea to the Illegal Cultivation of Marihuana in case number 18-CR-0049 and entered a guilty plea in that case. The trial court accepted Rimmer's guilty pleas and set the cases for sentencing.

{¶5} On October 4, 2018, the trial court conducted a sentencing hearing where it heard testimony from Rimmer's family requesting leniency and the State's arguments for the imposition of a five-year prison term. Before pronouncing its sentence, the trial court reviewed exhibits submitted by Rimmer in support of mitigating sentencing factors, in addition to the presentence investigation report, which was marked as a court's exhibit. The trial court found that Rimmer was not amenable to community control and noted that there is a presumption for prison for his Illegal Cultivation of Marihuana conviction.

{¶6} The trial court concluded that the facts raised at sentencing did not overcome this presumption and imposed a prison term of four years on the Illegal Cultivation of Marihuana conviction, in case number 18-CR-0049, and an eleven month prison term for the Medicaid Fraud conviction in case number 18-CR-0084.

The trial court ordered the prison terms to be served concurrently for a total prison term of four years. The trial court also ordered restitution to the Wyandot County Department of Job and Family Services in the amount of $144,624.20. The trial court's sentence was journalized in its October 5, 2018 Judgment Entry, filed in each case.

{¶7} It is from these judgment entries that Rimmer now appeals, asserting the following assignment of error.[1]

> **THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO MANDATORY PRISON TIME NOT SUPPORTED BY THE RECORD IN LIGHT OF THE MITIGATING FACTORS PRESENTED AT SENTENCING.**

{¶8} In his sole assignment of error, Rimmer argues that the trial court erred in imposing a prison term upon him instead of imposing community control. For clarity of the record, we note that in his brief Rimmer asserts that the trial court imposed a *mandatory five-year* prison term as his sentence, however, the record establishes that the trial court imposed a *discretionary four-year* prison term. Nevertheless, Rimmer maintains that the trial court failed to give due consideration to mitigating factors at the sentencing hearing.

---

[1] The record reflects that Rimmer filed separate notices of appeal in each case. Trial court case number 18-CR-0049 was assigned appellate number 16-18-08, and trial court case number 18-CR-0084 was assigned appellate number 16-18-09. This Court consolidated the cases for briefing and oral argument under appellate number 16-18-08.

{¶9} The standard of review for felony sentences is provided by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 9-23. "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "Applying the plain language of R.C. 2953.08(G)(2), * * * an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1.

{¶10} In the instant case, the record reflects that the trial court considered the principles and purposes of R.C. 2919.11, the recidivism factors of R.C. 2919.12, and the presumption of a prison term for a second degree felony stated in R.C. 2929.13(D)(1) when it imposed a prison term upon Rimmer. Moreover, a four-year prison term and an eleven-month prison term are well within the permissible statutory ranges, for Rimmer's second degree felony and fifth degree felony convictions. *See* R.C. 2929.14(A)(2)(stating that the statutory range for the second degree felony in this case is "two, three, four, five, six, seven, or eight years," and that the statutory range for a fifth degree felony is "six, seven, eight, nine, ten, eleven, or twelve months").

{¶11} On appeal, Rimmer claims that the trial court failed to give adequate weight to the fact that Rimmer is the primary financial provider for his family, which includes his wife, who suffers from ulcerative colitis, and three young children. Rimmer further claims that he grew marijuana to assist with his wife's illness. He also points to documentation that he submitted as part of the record which demonstrates that he had obtained lawful employment, had voluntarily enrolled in substance abuse recovery programs, and had complied with the conditions of his bond. Thus, Rimmer claims he has established that he can take steps to rehabilitate himself without being sent to prison.

{¶12} At the outset the record contradicts Rimmer's characterization of his marijuana grow operation. As noted by the prosecutor, "[t]his isn't a situation where the Defendant had a couple of marijuana plants in a closet with a grow light or a couple of potted plants around the house that he was harvesting. There were two grow operations that this Defendant was running, one in Marion County and one in Wyandot County, and there were 184 plants that were confiscated from his Wyandot County residence alone, that being the residence for his family and where his children resided at the time." (Sent. Tr. at 21).

{¶13} The trial court discussed the documents submitted by Rimmer at sentencing. In particular, the trial court observed that Rimmer had positive drug screens with marijuana found in his system which also belied Rimmer's claim that

he grew the plants to simply ease his wife's illness. The trial court further considered Rimmer's past criminal history, which included "drug offenses, felonies and OVIs." (Sent. Tr. at 27). The trial court observed that "Defendant's home was used as a grow operation and he purchased another home to main [sic] another separate grow operation.[2] The equipment needed, the care required because of the sheer size indicates Defendant was growing this stuff to make money. Defendant was not employed during the nine-year period saying that he was a stay-at-home dad, but this also allowed him to supervise his operation. * * * The magnitude of Defendant's grow operation and the amount of money he obtained illegally through fraud requires a sanction." (Id. at 26-27).

{¶14} Based on the foregoing, we find no error in the trial court's decision to impose a discretionary four-year prison term upon Rimmer because the prison terms are within the statutory ranges and the record fully supports the trial court's sentence. Therefore, Rimmer's single assignment of error is overruled.

{¶15} For all these reasons, the assignment of error is overruled and the judgments of the trial court are affirmed.

*Judgments Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

---

[2] It is unclear from the record whether Rimmer purchased or rented this second home, but he nevertheless acquired it to have a second site to cultivate marijuana.